[Cite as *State v. Bailey*, 2016-Ohio-5158.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26882 |
| | : | |
| v. | : | T.C. NO. 14CR1502 |
| | : | |
| JOHN B. BAILEY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___29th___ day of ___July____, 2016.

. . . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
　　　　Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, 10 W. Monument Avenue, Dayton, Ohio 45402
　　　　Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} John B. Bailey appeals from a judgment of the Montgomery County Court of Common Pleas, which revoked his community control and sentenced him to 12 months in prison.  Bailey has completed serving the imposed prison sentence, and there is no relief which we can provide on the issues raised in his appeal.  Accordingly, this

appeal will be dismissed as moot.

{¶ 2} In June 2014, Bailey pled guilty to having weapons while under disability, a third-degree felony. In exchange for the plea, the State dismissed a charge of carrying a concealed weapon. The trial court subsequently sentenced Bailey to community control for a period not to exceed five years and notified Bailey that, if he violated the conditions of his community control, the court could sentence him to a longer term under the same restrictions, could impose more restrictive sanctions, or impose a prison term of 36 months. Bailey did not appeal from his conviction and sentence.

{¶ 3} On October 4, 2014, Bailey's community control officer notified the trial court that Bailey had been cited in the Franklin and Dayton municipal courts for various traffic offenses. The probation officer did not recommend any action by the court at that time.

{¶ 4} In March 2015, Bailey's community control officer informed the court that Bailey's whereabouts had been unknown since February 24. The trial court found Bailey to be an absconder, suspended the community control period, and issued a capias for his arrest. On March 16, the trial court reinstated Bailey to community control, with an additional requirement that Bailey successfully complete the MonDay program.

{¶ 5} In September 2015, Bailey was ordered to appear before the court on allegations that he had violated his community control sanctions when he was unsuccessfully discharged from the MonDay program. The allegation specified: "On September 10, 2015, you [Bailey] were unsuccessfully discharged from their program following an incident involving you[r] leaving a community service work site for a period of time without permission, during which time your whereabouts were unknown."

{¶ 6} A hearing on the alleged community control violation was held on October 8,

2015. At the beginning of the hearing, defense counsel requested a continuance on the ground that she had been unable to reach anyone from the MonDay program prior to the hearing. She further indicated that she had not received the termination summary from MonDay, which the State had received. The court overruled the request and proceeded with an evidentiary hearing on the revocation petition.

{¶ 7} The only witness for either party was Linda Toops of the Montgomery County Adult Probation Department, who was supervising Bailey. Toops testified about the conditions of Bailey's community control and stated that Bailey had violated the terms of his community control by being unsuccessfully discharged from the MonDay program. Toops indicated that she was notified by MonDay that Bailey's whereabouts were unknown during a period of time while he was at a community service worksite.

{¶ 8} At the conclusion of the revocation hearing, the trial court found that Bailey had violated the terms of his community control. The court revoked his community control and sentenced him to 12 months in prison, with 195 days of jail time credit. On October 15, 2015, the trial court filed a judgment entry consistent with its orally-imposed sentence.

{¶ 9} Bailey appeals from the revocation of his community control. In his first assignment of error, he claims that he was denied his right to due process, because he did not receive the termination summary and had no opportunity to speak with anyone from MonDay prior to the revocation hearing. Bailey further states that he was denied his right to confront and cross-examine adverse witnesses, because he was unable to cross-examine anyone from the MonDay program at the hearing. Bailey's second assignment of error claims that his attorney at the revocation hearing rendered ineffective

assistance, because she did not object to Toops's hearsay testimony regarding the information provided by individuals from the MonDay program.

{¶ 10} Bailey did not seek a stay of his sentence either in the trial court or in this court. Thus, before we address the merits of his assignments of error, we must consider whether his appeal of the revocation of his community control is moot.

"Generally, '[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " "However, because a person convicted of a felony has a 'substantial stake in the judgment of conviction' that survives satisfaction of the judgment, 'an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal.' "

(Citations omitted.) *State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 24.

{¶ 11} According to the record, Bailey was conveyed to the Ohio Department of Rehabilitation and Corrections on October 14, 2015. Given that Bailey had accrued 195 days of jail time credit prior to sentencing (October 8, 2015), and several additional days before being conveyed to prison, Bailey would have completed his prison sentence by March 26, 2016. A review of the ODRC website reflects that Bailey is no longer incarcerated, nor is he subject to post-release control.

{¶ 12} Bailey's assignments of error raise procedural errors at the revocation

hearing. Bailey's appeal is not related to his underlying conviction, he did not seek a stay of the prison sentence imposed upon the revocation of his community control, he has served that prison sentence, and there is no indication that Bailey is on post-release control or is subject to collateral liability. Because Bailey has finished serving the prison sentence that resulted from the revocation of his community control, we cannot provide any meaningful remedy, even if we were to find that one or both of his assignments of error has merit. *See Wright* at ¶ 27.

{¶ **13**} Bailey's appeal will be dismissed as moot.

. . . . . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Sean Brinkman
Hon. Mary L. Wiseman