[Cite as *State v. Scott*, 2017-Ohio-4100.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27299 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-1862 |
| | : | |
| DONALD F. SCOTT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of June, 2017.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        *Attorney for Plaintiff-Appellee*

JAY A. ADAMS, Atty. Reg. No. 0072135, 36 North Detroit Street, Suite 102, Xenia, Ohio 45385
        *Attorney for Defendant-Appellant*

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** This matter is before the court on the appeal of Defendant-Appellant, Donald F. Scott, from the trial court's order revoking community control and sentencing Scott to three years in prison. In support of his appeal, Appellant contends that the trial court violated his right to due process by failing to make a written statement as to the evidence relied upon and the reasons for revoking community control. We conclude that the trial court's oral statement of its reasons at the revocation hearing, Scott's admission that he violated his community control sanctions, and the written transcription of the hearing satisfy due process. Accordingly, the judgment of the trial court will be affirmed.

## I. Facts and Course of Proceedings

**{¶ 2}** On June 18, 2014, the Montgomery County Grand Jury indicted Scott on four counts of felonious assault with a deadly weapon, felonies in the second degree, in violation of R.C. 2903.11(A)(2). Dkt. 5. On September 2, 2014, Scott pled no contest to two counts of felonious assault with a deadly weapon and the State dismissed the remaining two counts. Dkt. 62. On November 18, 2014, the trial court found Scott guilty on both counts and sentenced him to community control sanctions for a period not to exceed five years. Dkt. 85. The termination entry stated that the trial court could impose prison terms of eight years for each count if Scott failed to comply with the terms of his community control or if he violated the law.

**{¶ 3}** On December 2, 2015, a notice of community control revocation was filed against Scott, and on January 28, 2016, an amended notice of community control revocation was filed. Dkt. 89, 97. On February 11, 2016, the trial court continued Scott

on community control sanctions for up to five years subject to the previous sanctions. The trial court modified the sanctions by adding the following: (1) Scott must serve 90 days in the Montgomery County Jail; (2) Scott must appear for a status hearing on April 4, 2016, and (3) Scott must complete 140 hours of community service. Dkt. 102.

{¶ 4} On July 14, 2016, another notice of community control revocation was filed against Scott. Dkt. 112. The notice alleged that Scott (1) violated Rule 1 of his community control sanctions when he was charged with possession of drug paraphernalia and driving under suspension in Miamisburg Municipal Court and with petty theft and falsification in Moraine Mayor's Court; (2) violated Rule 5 of his community control by failing to report to the trial court for a status hearing; and (3) violated Special Sanctions 5 and 7 by failing to make child support payments and failing to verify the completion of community service.

{¶ 5} On July 25, 2016, the trial court held a hearing for a first reading of Scott's community control revocation. At that hearing, Scott acknowledged receipt of the notice of revocation, waived the probable cause hearing, waived the reading of the notice of revocation, and entered a general denial of the alleged violation. Transcript, p. 4. The trial court then set the matter for an evidentiary hearing for October 7, 2016.

{¶ 6} On October 7, 2016, the trial court was informed that Scott would be admitting to certain violations of his community control sanctions. *Id.* at 8-9. At the hearing, Scott admitted to the violation of Rule 5 as set forth in the notice of revocation. *Id.* at 9-12. He admitted to not appearing before the trial court for his status hearing and not reporting to his probation officer. Scott also admitted to violating Rule 1, but stated that the notice of revocation was not completely accurate because he was not found guilty

of all of the charges in the notice. *Id.* Scott's counsel discussed the rule violations and mitigating factors and Scott addressed the trial court about mitigating factors. *Id.*

{¶ 7} After hearing from Scott and his counsel, the trial court stated, in part (*id.* at 13):

It should be noted that the Court previously dealt with a revocation issue in this matter and I reinstated Mr. Scott to community control sanctions with what I will describe, I think fairly, as a stern warning.

Mr. Scott was placed on no breaks status. I think that background speaks for itself.

In this case, I revoke Mr. Scott's community control sanctions on both counts and I impose a sentence of three years CRC on each count to run concurrently.

{¶ 8} After the hearing, the trial court issued a Termination Entry. Dkt. 117. The trial court sentenced Scott to three years in prison on each of the two counts of felonious assault, to be served concurrently. Scott appeals from the trial court's decision.

II. The Trial Court Satisfied The Requirement That It Make A Written
Statement As To The Evidence It Relied Upon And The Reasons For
Revoking Community Control

{¶ 9} Scott's sole assignment of error states:

THE TRIAL COURT ERRED IN VIOLATING THE RIGHTS OF APPELLANT TO DUE PROCESS AND IN THE IMPOSITION OF SENTENCE.

{¶ 10} In *State v. Cunningham*, 2d Dist. Clark Nos. 2014-CA-99, 2014-CA-100,

2015-Ohio-2554, ¶ 11, we noted that:

> A defendant is entitled to due process when his community control is revoked as the result of a violation of a condition imposed on that control. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The due process rights which must be observed in a community control revocation hearing are: (1) written notice of the claimed violations of community control; (2) disclosure of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied upon and the reasons for revoking community control. *Gagnon* at 786, quoting *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State v. Nallen*, 2d Dist. Miami No. 2012 CA 24, 2013-Ohio-3284, ¶ 18.

**{¶ 11}** Scott concedes that the first five requirements set forth in *Gagnon* were satisfied. But Scott contends that the trial court failed "to set forth a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation." Brief, p. 4. According to Scott, this failure denied him the procedural due process required by *Gagnon*.

**{¶ 12}** In *State v. Delaney*, 11 Ohio St.3d 231, 465 N.E.2d 72 (1984), the Supreme Court of Ohio addressed *Gagnon's* requirement that the factfinder provide a written statement as to the evidence relied on and the reasons for revoking probation or parole. The Court held (*id.* at 234-35):

No such written statement was provided in the instant case, but the trial court judge orally stated his findings and reasons for revoking appellant's probation. This statement was made on the record and directed to the appellant, who was present at the time.

Although we do not condone the use of oral "explanations" in lieu of written statements detailing the basis for a trial court's determination in revocation proceedings, we find that, in this case, the trial court's statement sufficiently informed the appellant of the reasons for which his probation was being revoked, while also providing an adequate record for review on appeal. * * * We therefore do not find any deprivation of the appellant's right to due process in this case.

*See also State v. Hill*, 2d Dist. Montgomery No. 7301, 1982 WL 3811, * 2 (Oct. 4, 1982) (holding that the written statement requirement is satisfied by advising "the probationer at the hearing itself, with particularity, of the evidence and the reasons for revocation, and ascertain[ing] that the announced revocation rationale is transcribed for the record.")

**{¶ 13}** Further, we have previously held that the *Gagnon* requirements were complied with when the trial court provided defendant with a written judgment entry and "because appellant entered an admission there was no evidence to include in the entry." *State v. Longworth*, 2d Dist. Montgomery No. 24327, 2011-Ohio-4191, ¶ 25. Scott entered an admission of guilt at the hearing and the trial court explained on the record the basis for its ruling. The hearing was transcribed and the trial court subsequently entered a written judgment. Therefore, we conclude that the trial court satisfied *Gagnon's* requirement of a written statement by the fact finder as to the evidence relied

upon and the reasons for revoking community control.   *Id.*; *Delaney* at 234-235.   Scott's assignment of error is overruled.

### III. Conclusion

**{¶ 14}** Scott's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck, Jr.
Alice B. Peters
Jay A. Adams
Hon. Michael W. Krumholtz