[Cite as *State v. Scott*, 2019-Ohio-400.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28039 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-1862 |
| | : | |
| DONALD F. SCOTT, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of February, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DONALD F. SCOTT, SR., #729-570, P.O. Box 69, London, Ohio 43140
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Donald F. Scott, Sr., appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his pro se motions to "vacate a void, illegal sentence," for summary judgment on his motion to vacate void sentence, and for findings of fact and conclusions of law. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On June 18, 2014, Scott was indicted on four counts of felonious assault (deadly weapon), all second-degree felonies. The charges alleged that Scott caused or attempted to cause serious physical harm to Starr Vanhoose and to Lewis London by means of a car and a bat. Scott pled no contest to two counts of felonious assault -- Count 1 (Vanhoose, bat) and Count 4 (London, car). The plea form indicated that Scott was eligible for community control and that he faced eight years in prison on each count if he violated community control. Scott agreed to pay restitution and to have no contact with Vanhoose or London. Sentencing was scheduled for September 22, 2014.

{¶ 3} On September 22, 2014, Scott informed the court that he wished to withdraw his plea, and he filed a written motion on September 25, 2014; that motion was subsequently withdrawn.

{¶ 4} On November 17, 2014, after a presentence investigation, the trial court orally sentenced Scott to community control for up to five years. The trial court informed Scott that he faced eight years in prison, to be served consecutively, if he violated the terms of his community control. The court's written judgment entry, which was consistent with its oral pronouncement, was filed on November 18, 2014.

{¶ 5} On December 2, 2015, the court filed notice that a community control

violation hearing had been scheduled, and on January 28, 2016, an amended notice was filed. On February 11, 2016, after a hearing, the trial court continued Scott on community control subject to the previous sanctions with three modifications: (1) Scott must serve 90 days in the Montgomery County Jail; (2) Scott must appear for a status hearing on April 4, 2016, and (3) Scott must complete 140 hours of community service.

{¶ 6} On April 22, 2016, the trial court found Scott to be an absconder based on a representation by Scott's community control officer that Scott's whereabouts had been unknown since March 14, 2016. A capias was issued for his arrest. Scott was arrested on July 8, 2016.

{¶ 7} On July 14, 2016, the court filed a notice of community control revocation hearing. On October 6, 2016, the trial court revoked Scott's community control and sentenced him to three years in prison on each count, be served concurrently. The court informed Scott that he would be subject to three years of post-release control upon his release from prison. Scott appealed from the trial court's revocation of his community control. We affirmed the trial court's judgment. *State v. Scott*, 2d Dist. Montgomery No. 27299, 2017-Ohio-4100. Scott subsequently sought to reopen his direct appeal, but we denied his application. *State v. Scott*, 2d Dist. Montgomery No. 27299 (Oct. 18, 2017).

{¶ 8} In September 2017, Scott filed a pro se motion to "vacate costs and fines" (although no fines had been imposed), and in November 2017, he sought judicial release. The trial court granted the motion to waive costs, but denied the motion for judicial release.

{¶ 9} On January 3, 2018, Scott filed a pro se "motion to vacate a void, illegal sentence." He claimed that the trial court lacked the authority to impose a prison

sentence for a violation of community control, because the court imposed maximum and consecutive sentences at his original sentencing without making the required statutory findings. Scott argued that (1) "it is not applicable to have informed the Defendant-Appellant of the specific prison term that could be imposed if he violated the conditions of his community control sanctions," (2) the trial court did not adequately explain its reasons for imposing maximum, consecutive sentences, and (3) the court's decision to impose maximum, consecutive sentences was clearly and convincingly contrary to law. Scott asserted that the imposition of community control was therefore void, that he could not be found to have violated community control sanctions, and thus his "violation and eight-year sentence" must be vacated. Scott supported his motion with a copy of the November 17, 2014 sentencing hearing transcript.

{¶ 10} On January 25, 2018, Scott filed a pro se motion for summary judgment motion seeking a ruling on his motion to vacate void sentence. On May 7, 2018, Scott filed a motion for the trial court to include findings of fact and conclusions of law in its decision on his motions.

{¶ 11} On June 5, 2018, the trial court overruled Scott's pro se motions. The trial court stated that Scott's community control sentence was not contrary to law, that the court properly informed Scott of the maximum sentence he faced if he violated community control, and that the court did not impose maximum or consecutive sentences upon revoking his community control. The trial court concluded that Scott's sentence upon the revocation of community control was not void, and therefore any challenge to his sentence was barred by res judicata.

{¶ 12} Scott appeals from the trial court's judgment, claiming that his conviction

and sentence are "illegal and void." He raises arguments similar to those made before the trial court.

{¶ 13} At the outset, the State asserts that this appeal is moot, because Scott has been released from prison. The Ohio Department of Rehabilitation and Correction (ODRC) website indicates that Scott was released from prison on October 2, 2018, and that he is presently on three years of post-release control.

{¶ 14} We have stated that an appeal from the prison sentence imposed upon the revocation of community control is moot where the defendant "has served that prison sentence, and *there is no indication that [the defendant] is on post-release control or is subject to collateral liability."* (Emphasis added.) *State v. Bailey*, 2d Dist. Montgomery No. 26882, 2016-Ohio-5158, ¶ 12; *State v. Roberts*, 2017-Ohio-481, 84 N.E.3d 339, ¶ 15 (2d Dist.). Here, although Scott has completed his prison sentence, Scott is serving three years of post-release control, which subjects him to numerous conditions and consequences if he violates its conditions. In light of his placement on post-release control, we conclude that Scott's appeal is not moot, even though he completely served the prison sentence imposed by the trial court.

{¶ 15} Scott asserts that the trial court's imposition of community control was void, which rendered void the court's subsequent imposition of a prison term upon revocation of community control. The State responds that the trial court's sentences were not void and that Scott's arguments are barred by res judicata.

{¶ 16} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist.

Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). The res judicata bar applies to any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 17} R.C. 2929.19(B)(4) requires a trial court imposing community control sanctions to notify the offender at sentencing that,

> if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate *the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code.*

(Emphasis added.) This notification "is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. However, from the trial court's perspective, the notice does little more than set a ceiling on the potential prison term, leaving the court with the discretion to impose a lesser term than the offender was notified of when a lesser term is appropriate." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 23.

{¶ 18} The trial court is not required to notify a defendant at a community control revocation hearing of the maximum prison sentence that may be imposed. *State v.*

*Norman*, 2d Dist. Clark Nos. 2017-CA-40 and 2017-CA-41, 2018-Ohio-993, ¶ 19. "That notification must have been provided at the original sentencing (if no prior revocation hearing had been held) or at the most recent revocation hearing (if multiple revocation hearings had been held)." *Id.*, citing *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995.

{¶ 19} Upon revoking a defendant's community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice previously provided to the offender. R.C. 2929.15(B); *see Brooks* at paragraph two of the syllabus; *Fraley*. "When an offender's community control is revoked and multiple prison terms are imposed for the underlying offenses, the trial court must make the findings under R.C. 2929.14(C)(4) before imposing consecutive sentences at the revocation sentencing hearing." *State v. Artz*, 2d Dist. Champaign No. 2014-CA-34, 2015-Ohio-3789, ¶ 12, citing, *e.g.*, *State v. West*, 2d Dist. Montgomery No. 24998, 2012-Ohio-4615 (noting that the prison sentence for violating community control was not imposed until the revocation sentencing hearing, and that the trial court was required to comply with R.C. 2929.14(C)(4) to impose consecutive sentences).

{¶ 20} The trial court provided the required notifications to Scott at his November 17, 2014 sentencing. Of relevance, the trial court informed Scott that he faced eight years in prison on each count of felonious assault, to be served consecutively, if he violated the terms of his community control. The maximum eight-year sentence was

within the authorized statutory range for a felony of the second degree. The trial court re-imposed community control on February 11, 2016; the trial court's judgment entry reflects that Scott again faced eight years on each count, to be served consecutively, if he violated the conditions of his community control. (The record does not include a transcript of the February 2016 revocation hearing.)

{¶ 21} The trial court did not make findings under R.C. 2929.14(C)(4) at Scott's original sentencing to impose consecutive sentences, but such findings were not required until the trial court imposed consecutive sentences at a revocation hearing. When Scott's community control was revoked, the trial court imposed three years in prison, to be served concurrently; the trial court did not impose consecutive sentences. Accordingly, the trial court was not required, at any time, to make consecutive sentence findings under R.C. 2929.14(C)(4). The three-year sentence was within the statutory range for a felonious assault conviction.

{¶ 22} Upon review of the record, the trial court's impositions of community control in November 2014 and February 2016 were not void, and the trial court's imposition of concurrent three-year prison terms in October 2016 was not void. Accordingly, the doctrine of res judicata applies, and all challenges to Scott's three-year sentence should have been raised in his appeal from the court's revocation of community control.

{¶ 23} Scott's assignments of error are overruled.

{¶ 24} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck
Michael P. Allen
Donald F. Scott, Sr.
Hon. Michael W. Krumholtz