**[Cite as *State v. Ginter*, 2022-Ohio-547.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

STATE OF OHIO                                  :
                                               :
     Plaintiff-Appellee                    :    Appellate Case No. 29167
                                               :
v.                                             :    Trial Court Case No. 2019-CR-3235
                                               :
RYAN GINTER                                    :    (Criminal Appeal from
                                               :    Common Pleas Court)
     Defendant-Appellant                   :
                                               :

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of February, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

DAVID E. STENSON, Atty. Reg. No. 0042671, 131 North Ludlow Street, Suite 316, Dayton, Ohio 45402
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Ryan Ginter appeals from a judgment of the Montgomery County Court of Common Pleas, which revoked his community control sanctions and imposed 13 months in prison for domestic violence. For the following reasons, Ginter's appeal will be dismissed as moot.

## I. Facts and Procedural History

**{¶ 2}** On January 22, 2020, Ginter was indicted on one count of domestic violence, a fourth-degree felony. On March 4, 2020, he pled guilty to the charged offense, and the trial court sentenced him to community control sanctions. The conditions of community control included, among other requirements, that he be placed on intensive probation supervision for up to five years, complete residential substance abuse and mental health treatment at Nova Behavioral Health Men's Residential IDDT (Integrated Dual Disorder Treatment) Program, have no contact with the victim, abstain from the use of drugs and alcohol, and be placed on "No breaks" status. The trial court indicated that the failure to comply with the conditions of community control could result in a prison term of 18 months.

**{¶ 3}** On February 23, 2021, Ginter's probation officer filed a community control revocation notice, alleging that Ginter had committed domestic violence against the same victim and that the arresting officer reported that Ginter had had slurred speech, bloodshot red eyes, and smelled strongly of an alcoholic beverage. After a hearing on April 28, 2021, the trial court continued Ginter on community control, with the modification that he enter and successfully complete the STAR Community Justice Center Program.

**{¶ 4}** Ginter was at STAR from May 17 to May 24, when he was arrested. On

May 27, his probation officer filed a second notice of revocation, indicating that Ginter had been discharged from the STAR program for "non-compliance, safe and security risk, and not amenable to treatment." The notice further alleged that Ginter was in violation of the "no breaks" condition of community control.

{¶ 5} At a June 2, 2021 revocation hearing, Ginter admitted to the violations. However, his attorney argued that Ginter had not willfully disregarded the court's conditions and had wanted to successfully complete the STAR program. Defense counsel stated that Ginter suffered from some health conditions, mainly PTSD and manic depression, and that he took certain medications to stabilize his mood. According to counsel, when Ginter arrived at STAR, he did not receive his medication for several days, which destabilized his mood and caused him to be unable to control his emotion. When Ginter received his medication shortly before his discharge, the dose was incorrect, contributing to his failure to complete the STAR program successfully.

{¶ 6} The trial court responded to defense counsel, stating:

* * * I have a report from [the probation officer] in this matter * * * that makes absolutely no mention of the information that you just provided to me. That is not to say that the information you provided to me is inaccurate. I'm not saying that. I'm just saying that I do – this is the first I'm hearing of this, okay? So, I'm not prepared necessarily to do what I was about to do which is the following: If Mr. Ginter were to admit the violations, which he did, I was going to revoke him, give him 13 months. His jail-time credit totals 152 days, so essentially 5 months of jail-time credit. He'd do 8 additional months.

If he wants to do that knowing that that's the resolution and it may yet be the resolution; I don't know. But if he says, yeah, you know what, that sounds pretty good to me, then we can do it. If not, if he would like me to review what you just brought up with [the probation officer] to see whether or not that changes his attitude and whether he wants to do a little additional digging to see whether there's some other resolution for Mr. Ginter that would involve continuing him on supervision, I'm happy to continue the matter for a week. What do you and your client want to do?

Defense counsel replied that they would like for the court and the probation officer to look into the matter. The court continued the hearing for a week.

{¶ 7} When court resumed on June 9, the trial court stated that it had reviewed the matter with drug court personnel and probation officers and received their input. The court provided the prosecutor, defense counsel, and Ginter an opportunity to make additional statements. Defense counsel asked the court to provide Ginter a "second chance" and to place him in a dual diagnosis program. Ginter reiterated that he had not received his medication for "quite a few days" upon arriving at STAR. He apologized to the staff there and expressed that he "wasn't in my right state of mind."

{¶ 8} The trial court responded that Ginter's statements "ring hollow." It indicated that upon checking into the situation, Ginter had missed two days of medication, which did not explain his poor behavior at STAR. The court explained, "Mental health meds typically work when they've been taken to where they can build in someone's system to a quote/unquote, therapeutic dose typically reached after taking medications daily for 30 to 45 days. Here, Mr. Ginter had been on those meds for almost two months, daily,

before the behavioral incidents reported at STAR to the point that I'm advised that missing two days of the medication is – does not explain his behavior and – so I'm so advised." Responding to defense counsel, the trial court noted that Ginter had received "far more than two chances."

{¶ 9} The trial court revoked Ginter's community control and imposed 13 months in prison with 159 days of jail time credit. The court's written judgment entry was filed on June 10, 2021.

{¶ 10} Ginter appeals from the trial court's judgment, raising two assignments of error. He claims that the trial court's independent investigation denied him due process and that he received ineffective assistance of counsel.

## II. Mootness

{¶ 11} Before we address the merits of his assignments of error, we must consider whether Ginter's appeal from the revocation of his community control is moot.

{¶ 12} An appeal from the prison sentence imposed upon the revocation of community control is moot where the defendant "has served that prison sentence, and there is no indication that [the defendant] is on post-release control or is subject to collateral liability." *State v. Scott*, 2d Dist. Montgomery No. 28039, 2019-Ohio-400, ¶ 14, quoting *State v. Bailey*, 2d Dist. Montgomery No. 26882, 2016-Ohio-5158, ¶ 12; *State v. Roberts*, 2017-Ohio-481, 84 N.E.3d 339, ¶ 15 (2d Dist.).

{¶ 13} During his incarceration, the Ohio Department of Rehabilitation and Correction (ODRC) website showed that Ginter was admitted to prison on July 9, 2021, and he was credited with 188 days of jail time credit. He was scheduled to complete his prison sentence in this case on January 30, 2022. At this time, Ginter has completed his

sentence. He is no longer listed on the ODRC website, and there is no indication that he has been placed on post-release control.

{¶ 14} Ginter's appeal is directed to the revocation of his community control and not to his underlying domestic violence conviction. Because he has finished serving the prison sentence that resulted from the revocation of his community control, we cannot provide any meaningful remedy, even if we were to find that one or both of his assignments of error had merit. Consequently, his appeal is moot.

### III. Conclusion

{¶ 15} Ginter's appeal will be dismissed as moot.

. . . . . . . . . . . . .


DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
David E. Stenson
Hon. Steven K. Dankof