[Cite as *State v. Roush*, 2022-Ohio-1965.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-399 |
| | : | |
| JENNIFER R. ROUSH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of June, 2022.

. . . . . . . . . . .

MEGAN A. HAMMOND, Atty. Reg. No. 0097714, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

FRANK M. BATZ, Atty. Reg. No. 0093817, 126 Philadelphia Street, Dayton, Ohio 45403
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Jennifer R. Roush pled guilty in the Greene County Court of Common Pleas to five counts of identity fraud, four of which were felonies of the fifth degree and one of which was a felony of the fourth degree. The trial court imposed concurrent sentences totaling 18 months in prison and ordered her to pay restitution of $8,704.22 and court costs.

{¶ 2} Roush appeals from her convictions, claiming that the trial court failed to properly impose postrelease control at sentencing. The State concedes error. Nevertheless, because Roush has completely served her prison sentences and is not on postrelease control, this appeal will be dismissed as moot.

## I. Facts and Procedural History

{¶ 3} According to the presentence investigation report, Roush was living with her boyfriend on February 4, 2020, when he died by suicide. Between February 14 and February 29, 2020, Roush made numerous purchases on credit cards issued in her boyfriend's name. The boyfriend's mother learned of the purchases and contacted the police.

{¶ 4} On June 26, 2020, Roush was indicted on 11 counts of identity fraud in violation of R.C. 2913.49(B)(1), one of which was a felony of the fourth degree and ten of which were felonies of the fifth degree. Roush sought intervention in lieu of conviction (ILC), asserting that her mental health had been a factor leading to the criminal offenses. The trial court denied the motion without a hearing, finding that ILC would demean the seriousness of the offenses.

{¶ 5} Roush subsequently pled guilty to five counts of identity fraud; Counts 1, 3, 5, and 7 were felonies of the fifth degree, and Count 9 was a felony of the fourth degree. In exchange for the guilty pleas, the State agreed to dismiss the remaining counts and to recommend community control sanctions. As part of the agreement, Roush agreed to pay restitution of $8,704.22. The plea agreement further stated that the offenses were not allied offenses of similar import, as they involved separate victims on separate dates.

{¶ 6} At sentencing on March 10, 2021, the trial court imposed 12 months in prison on each fifth-degree felony count and 18 months in prison on the fourth-degree felony count, to be served concurrently, and ordered Roush to pay $8,704.22 in restitution plus court costs. Roush received 42 days of jail time credit. The trial court's oral notification regarding postrelease control consisted of the following statement: "As part of this sentence, with regard to post release control, all counts are post release control up to 3 years."

{¶ 7} The trial court's written judgment entry addressed postrelease control more thoroughly. For each offense, it stated that Roush would be subject to optional postrelease control supervision for up to three years. As for the consequences of violating postrelease control, the entry provided:

> If the defendant violates the terms of Post Release Control, the parole board may return the defendant to prison for a maximum period of nine months for each violation, but the total period of additional prison time imposed by the parole board for violations while under Post Release Control shall not exceed one-half (½) of the defendant's stated prison term. As part of post-

release control, defendant shall comply with any drug/alcohol treatment and/or monitoring. If the defendant is convicted of a new felony committed while under Post Release Control, the court having jurisdiction over the new felony may impose a prison term under this case of the greater of 12 months or the time remaining on Post Release Control, which shall be served consecutively to any other prison term imposed for the new felony.

The additional periods of time imposed by another court because of a felony committed while under Post Release Control in this case or by the parole board for violations in this case while on Post Release Control are part of the sentence in this case.

{¶ 8} Roush appeals from the trial court's judgment. Her original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon our *Anders* review, we found that a non-frivolous issue existed as to whether the trial court's postrelease control advisement failed to comply with R.C. 2929.19(B)(2)(f). We therefore rejected the *Anders* brief and appointed new counsel for Roush.

{¶ 9} Roush now raises one assignment of error, claiming that the trial court erred when it failed to properly notify her of the consequences of violating postrelease control. The State concedes that the trial court did not orally advise Roush of the consequences of violating her postrelease control during the sentencing hearing, and it states that the matter must be remanded to the trial court to properly advise her of the consequences of violating postrelease control. Roush also requests that the matter be remanded to the

trial court so that she may be properly advised of postrelease control.

## II. Mootness

{¶ 10} Before we address the merits of Roush's appeal, we must consider whether the appeal from her sentences is moot.

{¶ 11} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55.

{¶ 12} An appeal from a prison sentence is moot where the defendant has served that prison sentence and there is no indication that the defendant is on postrelease control or is subject to collateral liability. *See State v. Scott*, 2d Dist. Montgomery No. 28039, 2019-Ohio-400, ¶ 14; *State v. Roberts*, 2017-Ohio-481, 84 N.E.3d 339, ¶ 15 (2d Dist.).

{¶ 13} The Ohio Department of Rehabilitation and Correction (ODRC) website previously showed that Roush was released from prison on January 21, 2022, and placed on transitional control. Roush's transitional control expired on May 15, 2022. The website now reveals that Roush is no longer an inmate and has not been placed on postrelease control. *See State v. Erdman*, 2d Dist. Montgomery No. 25814, 2014-Ohio-2997, ¶ 3 (taking judicial notice that appellant's name is not listed on the ODRC website).

**{¶ 14}** Roush has not challenged her convictions, she has completely served her sentences for the offenses in this case, and she was not placed on postrelease control. Thus, at this juncture, there is no meaningful remedy that we can provide for the trial court's alleged failure to properly impose postrelease control at sentencing. Consequently, Roush's appeal is moot.

### III. Conclusion

**{¶ 15}** Roush's appeal will be dismissed as moot.

. . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Megan A. Hammond
Frank M. Batz
Hon. Michael A. Buckwalter