[Cite as *State v. Smith*, 2019-Ohio-3592.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27981 |
| | : | |
| v. | : | Trial Court Case No. 2017-CRB-5185 |
| | : | |
| DAMON SMITH | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of September, 2019.

. . . . . . . . . .

MATTHEW KORTJOHN, Atty. Reg. No. 0083743, Assistant City of Dayton Prosecuting Attorney, 335 West Third Street, Room 372, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Damon Smith appeals his conviction and sentence for violation of a protection order. For the reasons that follow, we dismiss this appeal as moot.

## I.        Facts and Procedural History

{¶ 2} In mid-2017, Daniel Wolff, a letter carrier for the United States Postal Service, sought a civil stalking protection order against Smith whose residence was on Wolff's delivery route. Following a hearing, the order was granted by the Montgomery County Court of Common Pleas in Montgomery C.P. No. 17-CV-1711.

{¶ 3} On August 4, 2017, Wolff was delivering mail on Smith's street when Smith exited a vehicle and approached Wolff. Smith appeared angry and began yelling at Wolff. Smith stated that he was "going to knock out all of [Wolff's] f****** teeth[,]" and that he wanted to "f*** [Wolff] up." Tr. p. 104-105. Wolff walked away from Smith, crossed the street to another home and called the police. While Wolff was on his cellular telephone with dispatch, Smith continued to yell at him.

{¶ 4} A complaint was filed charging Smith with one count of violation of the protection order in violation of R.C. 2919.27(A)(2), a first degree misdemeanor. A jury trial was conducted in February 2018, following which the jury found Smith guilty as charged. The trial court sentenced Smith to a jail term of 180 days with credit for 17 days served. The court suspended the remaining 163 days. The court also sentenced Smith to one year of basic supervised probation with 20 days of electronic home detention. The trial court ordered Smith to comply with treatment through the Veteran's Administration. Finally, the court ordered Smith to pay a fine of $50 and court costs.

{¶ 5} Smith appeals.

## II.     Analysis

{¶ 6} Smith asserts the following three assignments of error:

APPELLANT'S CONVICTION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE TO PROVE GUILT BEYOND A REASONABLE DOUBT.

APPELLANT WAS PREJUDICED BY THE DENIAL OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

THE TRIAL COURT ERRED IN ADMITTING HEARSAY EVIDENCE.

{¶ 7} Smith contends the State did not present evidence which was sufficient to establish the elements of the charged offense.   He further claims his trial counsel was ineffective and that the trial court erred in the admission of evidence.   The State responds by asserting that this appeal is moot since the appellant has fully served and satisfied the sentence imposed upon him for his misdemeanor conviction.   Thus, before we can address the merits of Smith's arguments, we must determine whether this matter has been rendered moot.

{¶ 8} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect."   *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d

371 (1970). "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Thus, when parties 'lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.*, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

{¶ 9} "It is well settled that 'where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.' " *City of Dayton v. Elifritz*, 2d Dist. Montgomery No. 19603, 2004-Ohio-455, ¶ 4, quoting *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), and *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987). Thus, in order for this court to have jurisdiction over this appeal, Smith must show that either he did not serve his sentence voluntarily, or that he will suffer come collateral disability or loss of civil rights.

{¶ 10} A defendant can show that he did not serve a sentence voluntarily if he sought a stay of the sentence to allow for the appeal. *City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 23. He can also demonstrate that he involuntarily served the sentence by showing that he served the entire sentence prior to his conviction. *See State v. Benson*, 29 Ohio App.3d 109, 110, 504 N.E.2d 77 (10th Dist.1986) ("[W]here a defendant is unable to post bond prior to trial and, where, upon conviction his sentence is suspended for time served, his subsequent appeal of the

completed sentence cannot be precluded on the basis of mootness.").

{¶ 11} Smith did not ask the trial court, or this court for a stay pending appeal. The record demonstrates that he has served his sentence, his probation has ended, and no fines or costs are owed. Therefore, we must agree with the State that Smith has voluntarily served his sentence. Smith does not contest the fact that his sentence has been served. However, he argues that he will suffer collateral consequences as a result of his conviction. Specifically, he notes that, on September 17, 2018, he was indicted on one count of violation of a protection order in violation of R.C. 2919.27. Because of the conviction in the case before us, the new offense is a fifth degree felony rather than a misdemeanor. Thus, he argues that the enhancement of the subsequent 2018 offense constitutes a collateral disability.

{¶ 12} "[A] collateral legal disability implies a separate and distinct consequence from the original criminal prosecution, that is, there must be some other effect, adverse to the defendant beyond expected punishment for his current offense." *State v. McCarty*, 2d Dist. Montgomery No. 20581, 2005-Ohio-4031, ¶ 4, citing *City of North Royalton v. Baker*, 65 Ohio App.3d 644, 584 N.E.2d 1308 (8th Dist.1989). A collateral disability exists when an offender "may be subject to further penalties or disabilities under state or federal law even after a judgment has been satisfied." *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 10. A collateral disability "need not have an immediate impact or impairment but may be something that occurs in the future." *Id.* at ¶ 14.

{¶ 13} In *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987), the Ohio Supreme Court rejected a claim that the possible enhancement of a future offense was a

qualifying collateral disability, because "no such disability will exist if [the defendant] remains within the confines of the law." *Id.* at 4-5. This court has also rejected the claim that a collateral disability exists merely because a conviction could elevate the degree of a subsequent offense. *State v. Caudill*, 2d Dist. Montgomery No. 24881, 2012-Ohio-2230, ¶ 12.

{¶ 14} Smith attempts to distinguish his case from both *Berndt* and *Caudill* by noting that they "were premised upon an inchoate possibility of a future charge." He notes that he is currently under indictment for a charge that has "enhanced penalties as a result of the present conviction." *Id.*[1] Thus, he essentially argues that because his continuing violation of the protection order will result more imminently in enhanced offenses/penalties, he is subject to a collateral disability.

{¶ 15} We cannot read the *Berndt* case, as Smith urges, as creating a loophole for offenders who have re-offended before the appeal of their first offense is settled. To do so would reward Smith for continuing to break the law while penalizing offenders who abide by the law. Further, even though there is a possibility that Smith will suffer a greater penalty for his subsequent violation of the protection order, such penalty is speculative until such time as the new offense results in a conviction. It is entirely possible that, following his day in court, the charges could be dropped or a jury could acquit Smith of the new charges.

{¶ 16} We conclude that Smith's appeal of his conviction and sentence is moot, and his assignments of error are overruled as such.

---

[1] The indictment is based upon a new violation of the protection order issued on behalf of Wolff.

### III.    Conclusion

**{¶ 17}** Therefore, this appeal is dismissed.


. . . . . . . . . . . . .


WELBAUM, P.J. and DONOVAN, J., concur.




Copies sent to:

Matthew Kortjohn
Charles M. Blue
Hon. Christopher D. Roberts