[Cite as *State v. Oglesby*, 2020-Ohio-394.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28218 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-1757/1 |
| | : | |
| JOE W. OGLESBY, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. No. 0020638, P.O. Box 20368, Dayton, Ohio 45420
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Joe W. Oglesby, Jr., appeals from the trial court's October 23, 2018 order modifying his community control sanctions; that order modified Oglesby's previous sanctions and added a requirement that he serve 12 months in jail, with 274 days of jail time credit. Counsel for Oglesby has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Because Oglesby has completed his jail sentence, arguments related to his sentence are moot, and there are no other issues to raise on appeal. Accordingly, the appeal is dismissed.

{¶ 2} Oglesby was indicted on multiple drug offenses on September 11, 2013. On June 6, 2017, Oglesby pled guilty to Count 1, possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree; in exchange for his plea, the remaining charges were dismissed. On June 21, 2017, the court sentenced Oglesby to community control sanctions for a period not to exceed five years. Oglesby did not appeal.

{¶ 3} On January 25, 2018, a capias was issued alleging that Oglesby's whereabouts were unknown since September 25, 2017, and his community control sanctions were suspended. On March 22, 2018, after a violation conference, Oglesby was reinstated to community control sanctions and ordered to complete the CAMI program at Samaritan Behavioral Health.

{¶ 4} On May 25, 2018, a notice of revocation was filed alleging that Oglesby had violated five rules of his community control. A hearing was held on May 29, 2018, for a first reading of the probation revocation. The matter was set for a status review, which occurred on June 7, 2018. At that time, Oglesby admitted that he had failed to report to his probation officer. Based upon his admission, the trial court found that Oglesby had violated the terms and conditions of his community control, but that the violation did not

warrant revocation. The court continued Oglesby's community control sanctions, with the added sanction that he complete the MonDay program.

{¶ 5} On October 17, 2018, a notice of revocation was filed alleging that Oglesby "self-terminated" his participation in the MonDay program. At a hearing on October 23, 2018, Oglesby admitted the violation. The court found that he had violated his community control and ordered him to serve 12 months of local jail time, less 274 days of jail time credit, thereby requiring him to serve 91 days. The trial court overruled Oglesby's motion to stay his sentence pending appeal.

{¶ 6} Oglesby's jail sentence would have been completed on January 16, 2019. On January 22, 2019, the trial court issued an entry captioned "Termination of Community Control (Incomplete)," in which it found that Oglesby had not met all of the conditions of his community control, but that "an extension of the community control period will serve no further benefit."[1]

{¶ 7} On appeal, counsel for Oglesby asserts that he "has reviewed the original court file, as well as transcripts of proceedings prepared in this case, and can find no error by the trial court prejudicial to the rights of appellant which may be argued to this Court on appeal." However, counsel requests that we consider whether the appeal is moot, because Oglesby has completed his sentence and cannot demonstrate collateral consequences, and, alternatively, whether the trial court erred by failing to advise Oglesby "of his basic due process rights when accepting his admission in the revocation proceeding."

---

[1] This decision was consistent with the local jail time order of October 23, 2018, which indicated a requirement "that the defendant receive an incomplete termination of his community control upon completion of the local sentence."

{¶ 8} After counsel filed the *Anders* brief, this Court gave Oglesby 60 days to file a pro se brief assigning any errors for our review. No pro se brief has been received.

{¶ 9} As this Court has previously noted:

An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

*State v. Allen*, 2d Dist. Clark No. 2018-CA-60, 2019-Ohio-1253, ¶ 5.

{¶ 10} Oglesby has completed serving the imposed jail sentence, and community control has been terminated. As such, there is no relief that we can provide related to his sentence. " 'We cannot restore to him any of the time he spent in jail on his conviction.' " *State v. Johnson*, 2d Dist. Montgomery No. 27140, 2017-Ohio-4323, ¶ 9, quoting *State v. MacConnell*, 2d Dist. Montgomery No. 25437, 2013-Ohio-4947, ¶ 9. *See also State v. Ingledue*, 2d Dist. Clark No. 2018-CA-47, 2019-Ohio-397, ¶ 10-11.

{¶ 11} Counsel's second argument suggests a procedural error at the hearing at

which Oglesby admitted violating community control. *See State v. Bailey,* 2d Dist. Montgomery No. 26882, 2016-Ohio-5158,¶ 12.   However, any relief in this respect would relate to his sentence, which he has served.   As such, this argument is also moot.

{¶ **12**} We have independently reviewed the entire record, including the transcripts.   This review has not revealed any potentially meritorious appellate issues unrelated to the sentence.

{¶ **13**} Because Oglesby's arguments are moot, the appeal is dismissed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
James S. Armstrong
Joe W. Oglesby, Jr.
Hon. Mary Katherine Huffman