[Cite as *State v. Lawson*, 2022-Ohio-2893.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29424 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-3442 |
| | : | & 2021-CR-2860 |
| NICKOLAS S. LAWSON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of Springboro, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, P.O. Box 340214, Beavercreek, Ohio 45434
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Nickolas S. Lawson appeals from the imposition of new community control sanctions after he was previously convicted of aggravated possession of drugs, a fifth-degree felony, obstructing official business, a second-degree misdemeanor, and domestic violence, a fourth-degree misdemeanor. His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he was unable to find any non-frivolous issues for appeal. Upon our independent review, we agree with counsel's assessment. For the reasons that follow, the trial court's judgment will be affirmed.

## I.     Facts and Procedural History

{¶ 2} Lawson was charged in Montgomery C.P. No. 2021-CR-2860 with one count of domestic violence, a fourth-degree felony, failure to comply with an order or signal of a police officer, a first-degree misdemeanor, and resisting arrest, a second-degree misdemeanor. He was later charged in Montgomery C.P. No. 2021-CR-3442 with a single count of aggravated possession of drugs, a fifth-degree felony.

{¶ 3} As to Case No. 2021-CR-2860, the original charges were dismissed, and on October 28, 2021, Lawson pled guilty by way of bill of information to obstructing official business, a second-degree misdemeanor, and domestic violence, a fourth-degree misdemeanor. He was sentenced to community control for a period of no longer than five years. On January 6, 2022, Lawson pled guilty to aggravated possession of drugs in Case No. 2021-CR-3442, sentenced to community control, and ordered to serve 30 days of local incarceration.

{¶ 4} Evidently, Lawson did not comply with the terms of community control, and

on March 3, 2022, he was brought before the court in both cases for community control violations. He stated that he did not want to be assessed for drug and alcohol treatment and instead asked for additional jail time. The court obliged, ordered an additional 90 days, and announced that Lawson's community control would be unsuccessfully terminated following the completion of the jail sentence.

{¶ 5} Lawson appealed, appellate counsel was appointed and, after reviewing the record, counsel filed an *Anders* brief asserting that he could find no arguably meritorious issues to argue. We informed Lawson that he had 60 days to file a pro se brief. He did not file his own brief.

## II.    *Anders* Review

{¶ 6} Upon the filing of an *Anders* brief, an appellate court must determine, "after a full examination of all the proceedings," whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493; *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). "An issue is not frivolous merely because the prosecution can be expected to present a strong argument in reply." *State v. White*, 2d Dist. Montgomery No. 28338, 2020-Ohio-5544, ¶ 14, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. Rather, a frivolous appeal is one that presents issues lacking arguable merit, which means that, "on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8, citing *Pullen* at ¶ 4. If we find that any issue – whether presented by appellate counsel, presented by the defendant, or found through an independent analysis – is not wholly frivolous, we must reject the

*Anders* brief and appoint new appellate counsel to represent the defendant. *White* at ¶ 14, citing *Marbury* at ¶ 7; *State v. Almeyda*, 2d Dist. Montgomery No. 28727, 2021-Ohio-862, ¶ 3.

{¶ 7} Lawson appeals, not from his initial conviction but from the imposition of new or additional community control sanctions handed down by the court in March 2022. Because of this limited focus, we will address the potential assignment of error raised by appellate counsel: the trial erred by sentencing Lawson to jail time for violating the terms of his community control.

{¶ 8} According to R.C. 2929.15(B)(1)(b), after a violation of felony community control sanctions, a trial court may impose a more restrictive sanction, including but not limited to a new term in a community-based correctional facility, halfway house, or jail pursuant to R.C.2929.16(A)(6). If the offender violates misdemeanor community control sanctions, the sentencing court has the authority to impose a longer time under the same community control sanctions, a more restrictive sanction, or a combination of community control sanctions, including a jail term. R.C. 2929.25(D)(2)(a)-(c).

{¶ 9} Here, the trial court intended to have Lawson screened for inpatient substance abuse treatment, but he refused and instead asked for jail time. Consequently, the court continued him on community control in both cases and added an additional 90 days of local incarceration, noting that his community control would be unsuccessfully terminated at the completion of his jail term. The actions taken by the trial court were in accordance with both R.C. 2929.15(B)(1) and R.C. 2929.25(D)(2), and thus, we find no arguable error in Lawson's jail sentence.

**{¶ 10}** Even if there had been an error with Lawson's jail sentence, we would find that issue to be moot. "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55. In this case, Lawson has served the entirety of his jail time, and on June 26, 2022, the court terminated his community control. There is no longer a legal controversy related to whether Lawson violated his community control sanctions and the trial court's additional sanction, and therefore, this appeal is moot.

### III.    Conclusion

**{¶ 11}** We have reviewed the entire record and have found no potentially meritorious appellate issues. Having found no non-frivolous issues, appellate counsel is permitted to withdraw, and the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Robert Alan Brenner
Nickolas S. Lawson
Hon. Mary E. Montgomery