[Cite as *State v. Wolfe*, 2023-Ohio-392.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

|                          |     |                                      |
|--------------------------|-----|--------------------------------------|
| STATE OF OHIO            | :   |                                      |
|                          | :   |                                      |
| Appellee                 | :   | C.A. No. 2022-CA-12                  |
|                          | :   |                                      |
| v.                       | :   | Trial Court Case No. 21TRC02924      |
|                          | :   |                                      |
| JASON P. WOLFE           | :   | (Criminal Appeal from Municipal Court) |
|                          | :   |                                      |
| Appellant                | :   |                                      |
|                          | :   |                                      |

· · · · · · · · · · ·

O P I N I O N

Rendered on February 10, 2023

· · · · · · · · · · ·

DANIELLE E. SOLLARS, Attorney for Appellee

TRAVIS L. KANE, Attorney for Appellant

· · · · · · · · · · · ·

EPLEY, J.

{¶ 1} Jason P. Wolfe appeals from the trial court's revocation of his community control sanctions and the imposition of his suspended jail sentence for physical control of a vehicle while under the influence, a first-degree misdemeanor. Wolfe did not seek a stay of his jail sentence, and the sentence has been served. Accordingly, this appeal

will be dismissed as moot.

## I. Facts and Procedural History

{¶ 2} Shortly before midnight on August 4, 2021, Officer Jeremy Wygladalski saw a red Toyota hatchback repeatedly cross the marked lane and white fog lines as it traveled southbound on U.S. Route 68 in Xenia Township. After initiating a traffic stop, the officer approached the driver, Wolfe, who exhibited signs of intoxication and whose breath smelled of alcohol. Officer Wygladalski asked Wolfe to perform field sobriety tests. Based on Wolfe's performance, the officer arrested Wolfe for operating a vehicle under the influence (OVI). Wolfe subsequently took a breath test, which showed an alcohol concentration of 0.117g/210L, a result well over the legal limit.

{¶ 3} Wolfe was charged in Xenia Municipal Court with OVI, in violation of R.C. 4511.19(A)(1)(d), a first-degree misdemeanor, and a marked lanes violation, a minor misdemeanor. The OVI charge was his first OVI offense within the lookback period. Wolfe subsequently pled guilty to an amended charge of physical control of a vehicle while under the influence, in violation of R.C. 4511.194, a first-degree misdemeanor. The trial court imposed 180 days in jail, of which 174 were suspended (with credit for 3 days), a $500 fine, a one-year driver's license suspension, two years of community control, and court costs. The conditions of community control included that Wolfe attend the 3-day "WIP" program, complete the Mothers Against Drunk Driving (MADD) victim impact panel, and complete 25 hours of community service within 60 days.

{¶ 4} Approximately three weeks later, Wolfe's probation officer informed the trial court that Wolfe had failed to report as ordered; Wolfe had been sent an order to report

on November 17, but he was arrested the previous night for a new offense (Xenia M.C. No. 21 CRB 1148). The probation officer noted that Wolfe also had another pending offense with the court (Case No. 21 CRB 1071). The trial court ordered that Wolfe be held without bond and that a probation violation hearing be scheduled within 30 days. A revocation hearing was set for December 14, 2021.

{¶ 5} On December 13, 2021, the probation officer filed a revocation report, clarifying that Wolfe had violated two conditions of his community control: (1) that he would immediately report to his probation officer any arrest, citation, violation of the law, or misconduct, and (2) that he would follow his probation officer's instructions at all times. The probation officer indicated that Wolfe initially had reported and signed the conditions of community control but had failed to report to his next scheduled intake. In addition, the probation officer noted that Wolfe had a pending charge for assault (Case No. 21 CRB 1071) from the day prior to his sentencing and that Wolfe had since been arrested for obstructing official business (Case No. 21 CRB 1148). Further, Wolfe had been arrested for an active warrant from Fairborn Municipal Court (Case No. 21 CRB 1156), and he had refused to comply with officers. The probation officer had also learned that Montgomery County detectives would be charging him with new felonies. The probation officer recommended that Wolfe's community control be revoked and that his suspended jail term be imposed.

{¶ 6} At the December 14 revocation hearing, the probation officer testified regarding Wolfe's failure to report and the pending charges. He also discussed Wolfe's failure to complete any of the conditions of community control, such as community

service, the MADD class, or the WIP program. After speaking with Wolfe, the trial court continued the revocation hearing for three weeks. The court indicated that it wanted to see what would happen with the obstruction and assault charges and if Wolfe would be charged in Montgomery County.

{¶ 7} At the January 4, 2022 hearing, defense counsel informed the trial court that the Xenia cases remained pending, but she was not aware of any indictment in Montgomery County. Wolfe had pled in the Fairborn case, which involved a minor misdemeanor. Counsel argued that Wolfe wanted an opportunity to complete community control, that he had very limited time to comply with the conditions of community control prior to his arrest, and that there was not clear and convincing evidence that he had committed the pending charges. The trial court, however, revoked Wolfe's community control, saying that Wolfe had "not done anything [he] needed to do on that case." It ordered Wolfe to serve the remainder of his suspended jail sentence, which the court calculated to be 124 days.

{¶ 8} Wolfe appeals from the revocation of his community control, arguing that the trial court's imposition of the maximum jail term was not supported by clear and convincing evidence. He did not seek a stay of his jail sentence, either in the trial court or in this court. (The criminal docket statement filed with the notice of appeal indicated that a stay would be requested, but no motion to stay was filed.)

## II. Mootness

{¶ 9} Before we address the merits of his assignment of error, we must consider whether Wolfe's appeal from the revocation of his community control is moot.

{¶ 10} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55.

{¶ 11} "An appeal from the revocation of community control is moot where the defendant has served the jail or prison sentence imposed, and there is no indication that the defendant is on post-release control or is subject to collateral liability." *State v. Moughler*, 2d Dist. Champaign No. 2017-CA-11, 2018-Ohio-1055, ¶ 7.

{¶ 12} In this case, the record reflects that Wolfe has served his jail sentence. Wolfe began serving the 124-day jail sentence following the January 4, 2022 hearing. Wolfe acknowledged in a letter to the trial court that he was scheduled to be released in May 2022. Because Wolfe has finished serving the jail sentence that resulted from the revocation of his community control, we cannot provide any meaningful remedy, even if we were to find that his assignment of error has merit. Any error in the revocation of Wolfe's community control or in the length of the imposed jail sentence is now moot.

**III. Conclusion**

**{¶ 13}** Wolfe's appeal will be dismissed as moot.

. . . . . . . . . . . . .


WELBAUM, P.J. and TUCKER, J., concur.