[Cite as *In re O.F.A.*, 2025-Ohio-117.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: O.F.A., G.J.A., N.A., L.C.A., M.A.

              :

              :

              :     C.A. No. 30204

              :

              :     Trial Court Case Nos. C-2023-001881-

              :     0G; C-2023-1880-0E; C-2023-001879-

              :     0E; C-2023-001878-0E; C-2023-

              :     001877-0E

              :

              :     (Appeal from Common Pleas Court-
Juvenile Division)

. . . . . . . . . . .

O P I N I O N

Rendered on January 17, 2025

. . . . . . . . . . .

ALANA VAN GUNDY, Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Mother appeals from a judgment of the Montgomery County Court of Common Pleas, Juvenile Division, which granted temporary custody of O.F.A. to Montgomery County Job & Family Services – Children Services Division (MCCS) and

overruled Mother's objections to the magistrate's grant of protective supervision over G.J.A., N.A., L.C.A., and M.A. to MCCS.   Mother claims that the trial court erred in concluding that she had waived her right to counsel at the September 1, 2023 hearing on MCCS's motion for protective supervision.   For the following reasons, this appeal will be dismissed as moot.

## I. Procedural History

{¶ 2} Mother is the parent of five children – O.F.A. (born 2006), G.J.A. (born 2007), N.A. (born 2008), L.C.A. (born 2008), and M.A. (born 2009).   In January 2023, MCCS became involved with the family after two domestic violence incidents by Mother against O.F.A.; Mother was intoxicated when these incidents occurred.   In April 2023, MCCS filed dependency complaints for the five children.   It sought, as preferred dispositions, that O.F.A. be placed in the temporary custody of her adult brother and that MCCS have protective supervision over the other four children.   The magistrate appointed counsel for Mother due to her indigency.

{¶ 3} After an adjudication hearing on July 11, 2023, the magistrate concluded that the children were dependent.   Mother promptly sought to have the magistrate's order set aside.   While that motion was pending, a dispositional hearing was conducted.   On August 21, 2023, the magistrate granted MCCS six months of protective supervision of G.J.A., N.A., L.C.A., and M.A., beginning on the hearing date (August 14) and expiring on March 14, 2024, unless extended or terminated early; MCCS received temporary custody of O.F.A. for six months.   The trial court adopted the magistrate's decision, and Mother objected.

{¶ 4} On August 30, 2023, MCCS filed a motion for interim protective supervision of G.J.A., N.A., L.C.A., and M.A., and for interim temporary custody of O.F.A. Mother appeared for a September 1, 2023 hearing regarding G.J.A., N.A., L.C.A., and M.A., but her attorney did not. Mother told the magistrate, "I was informed that there would be an attorney for me." When the magistrate asked if someone had called Mother or if Mother had called, Mother replied, "I'm not going to be treated like that" and left the courtroom, leaving papers behind. The magistrate did not appoint another attorney to represent Mother at that hearing, and the hearing proceeded without her. After the magistrate orally granted interim protective supervision, Mother re-entered the courtroom, and the magistrate informed her of the decision. When asked if she anything to say, Mother responded, "I feel that I did not get notice that I would not have an attorney and that I wasn't able to be represented, so I feel that this is crap." On September 20, 2023, the magistrate filed an entry granting the motion for interim protective supervision and scheduling a dispositional hearing for a later date.

{¶ 5} Three days later, Mother moved to set aside the interim order, arguing that she had been unlawfully denied the assistance of counsel at the September 1 hearing. MCCS opposed the motion, asserting that Mother's behavior at the hearing amounted to a constructive waiver of her right to counsel. Mother subsequently moved to terminate protective supervision over the four children. In November 2023, MCCS also moved to terminate protective supervision on the ground that Mother's conduct precluded it from ensuring the well-being and safety of the children.

{¶ 6} In separate decisions issued on March 15, 2024, the trial court agreed with

the magistrate's determination that the five children were dependent and further concluded that Mother had constructively waived her right to counsel at the September 1, 2023 hearing. Regarding the right to counsel, the trial court acknowledged that Mother's counsel had informed the magistrate prior to the hearing that he would not be available. However, it found that "mother did not properly invoke her right to counsel and constructively waived her right to counsel by leaving the courtroom without testimony regarding efforts for counsel." The court therefore overruled Mother's motion to set aside the September 20, 2023 interim order and adopted the order as its own. On March 18, 2024, the trial court overruled Mother's objections to the magistrate's order granting protective supervision of G.J.A., N.A., L.C.A., and M.A. By its terms, the order of protective supervision had expired four days prior. On April 12, 2024, the trial court terminated the interim protective supervision.

{¶ 7} Mother appealed the trial court's March 18, 2024 judgment. However, we dismissed the appeal for lack of a final appealable order. *In re O.F.A., G.J.A., N.A., L.C.A., M.A.*, No. 30112 (2d Dist. May 8, 2024).

{¶ 8} On June 7, 2024, the trial court issued an amended judgment entry, overruling Mother's objections to the magistrate's August 21, 2023 decision granting MCCS six months of protective supervision of G.J.A., N.A., L.C.A., and M.A. The trial court noted that the protective supervision had expired and that MCCS had since received interim temporary custody of the four children.

{¶ 9} Mother appeals from the trial court's June 7, 2024 judgment.

## II. Mootness

{¶ 10} In her sole assignment of error, Mother claims that the trial court erred in concluding that she had waived her right to counsel at the September 1, 2023 hearing on MCCS's motion for interim protective supervision. In its response, MCCS similarly questions the juvenile court's determination that Mother had waived her right to counsel at the September 1, 2023 hearing. However, the agency argues that the issue is moot because MCCS now has temporary custody of the four children. Before we address the merits of Mother's assignment of error, we must consider whether her appeal is moot.

{¶ 11} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970); *State v. Smith*, 2019-Ohio-3592, ¶ 8 (2d Dist.). Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 2014-Ohio-2597, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55.

{¶ 12} R.C. 2151.353 authorizes the juvenile court to place a child who has been adjudicated dependent in protective supervision. R.C. 2151.353(A)(1). No later than one year after the earlier of the date the complaint was filed or the child was first placed in shelter care, a party may ask the court to extend an order for protective supervision for six months or to terminate the order. R.C. 2151.353(H)(1). The court may also extend or terminate the order on its own motion, with notice to the parties. *Id.* Prior to the termination of the extension, a party may request an additional six-month extension.

R.C. 2151.353(H)(2).

**{¶ 13}** In this case, the magistrate's August 21, 2023 decision granted MCCS protective supervision of G.J.A., N.A., L.C.A., and M.A., beginning on August 14, 2023, and expiring on March 14, 2024, unless extended or terminated early.  The September 1, 2023 hearing was held to address MCCS's motion for interim protective supervision over the children pending the trial court's consideration of Mother's objections to the magistrate's decision.

**{¶ 14}** At this juncture, MCCS no longer has protective supervision over G.J.A., N.A., L.C.A., and M.A.  The interim order of protective supervision was terminated, the order of protective supervision expired without extension, and, due to new allegations, MCCS now has interim temporary custody of the children.  Consequently, even if we were to agree with Mother that she had a right to counsel at the September 1, 2023 hearing, there is no remedy we could provide her.  It would be futile to remand for a new hearing on MCCS's motion for interim protective supervision.  Therefore, Mother's appeal is moot.  *See In re J.H.*, 2023-Ohio-3183, ¶ 20 (2d Dist.).

### III. Conclusion

**{¶ 15}** The appeal will be dismissed as moot.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.