[Cite as *State v. Carlson*, 2025-Ohio-1200.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-20 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 132 |
| | : | |
| JAMES CARLSON | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 4, 2025

. . . . . . . . . . .

ALANA VAN GUNDY, Attorney for Appellant

KARA N. RICHTER, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant James Carlson appeals from a judgment of the Champaign County Court of Common Pleas that revoked his community control and imposed an 11-month prison term. Because he has served his entire prison term and is

not on post-release control supervision, we dismiss the appeal as moot.

## I.      Facts and Procedural History

{¶ 2} In 2021, Carlson was indicted on one count of possession of a fentanyl-related compound after he overdosed in jail. The case proceeded to a jury trial at which he was found guilty as charged. Carlson was sentenced to a three-year period of community control with special conditions such as successfully completing substance abuse programs and attending mental health counseling.

{¶ 3} Over the next several years, Carlson *repeatedly* violated the terms of his community control. Each time, the trial court continued his community control sanctions with different variations of special conditions designed to help him get and remain sober.

{¶ 4} Finally, in August 2024, after Carlson was unsuccessfully discharged from two mental health and substance abuse programs, was unsuccessfully terminated from the West Central Justice Reinvestment Grant Program, and failed to complete community service, the trial court revoked Carlson's community control. On September 4, he was sentenced to 11 months in prison but given more than 200 days of jail time credit.

{¶ 5} Carlson has filed a timely appeal.

## II.      Mootness

{¶ 6} In his lone assignment of error, Carlson contends that his prison sentence was excessive and that the trial court should have placed him in "a court-ordered, in-patient program or unsuccessfully terminated [him] from community control[.]" Because Carlson has served his sentence, this appeal is moot.

{¶ 7} "The role of courts is to decide adversarial legal cases and to issue

judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9; *State v. Smith*, 2019-Ohio-3592, ¶ 8 (2d Dist.). Under the mootness doctrine, American courts will not decide cases where an actual legal controversy no longer exists between the parties. *Id.*, citing *In re A.G.*, 2014-Ohio-2597, ¶ 37. "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55.

{¶ 8} Generally, when a convicted defendant "has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus; *State v. Muwwakkil*, 2018-Ohio-4443, ¶ 8 (2d Dist.). "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." (Citation omitted.) *In re S.J.K.*, 2007-Ohio-2621, ¶ 10.

{¶ 9} We have explained that there is no collateral disability or loss of civil rights under circumstances "where defendants challenge their sentences and not their convictions, have already completed their sentences, and have not been sentenced to [post-release control]." *State v. Hatfield*, 2019-Ohio-3291, ¶ 15 (2d Dist.). In those cases, we can offer no remedy and therefore the appeal is moot. *Id.* at ¶ 17. *See State v. Oglesby*, 2020-Ohio-394 (2d Dist.).

{¶ 10} In this case, it appears that Carlson completed his prison term in January

2025, and because there is no evidence that he is on post-release control, this Court cannot offer his requested relief "that he be remanded for sentencing and unsuccessfully terminated from community control."

**Conclusion**

**{¶ 11}** The appeal is dismissed as moot.

. . . . . . . . . . . . .

HUFFMAN, J. and HANSEMAN, J., concur.