[Cite as *State v. Weeks*, 2026-Ohio-1680.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| STATE OF OHIO | : |
| Appellee | : C.A. No. 30651 |
| | : |
| v. | : Trial Court Case No. 2025 CRB 1582 |
| | : |
| | : (Criminal Appeal from Municipal Court) |
| WILLIAMS WEEKS, JR. | : |
| | : **FINAL JUDGMENT ENTRY &** |
| Appellant | : **OPINION** |
| | : |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 8, 2026, the appeal is dismissed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HUFFMAN, J., concur.

OPINION

JACOB S. SEIDL, Attorney for Appellant
STEPHANIE L. COOK, Attorney for Appellee

TUCKER, J.

**{¶ 1}** Defendant-appellant William Weeks, Jr., appeals from his conviction in the Dayton Municipal Court of assault. For the reasons set forth below, this appeal is dismissed.

## I. Factual and Procedural Background

**{¶ 2}** On May 7, 2025, Weeks was charged by criminal complaint with one count of misdemeanor assault in violation of R.C. 2903.13(A). The matter proceeded to a bench trial, and the trial court found him guilty as charged. The trial court sentenced him to a jail term of 180 days with 75 days suspended and credit for 15 days. Weeks did not seek a stay of the sentence with either the trial court or this court. He began serving the remaining 90-day sentence in September 2025. His notice of appeal was timely filed on October 16, 2025. Weeks was released from jail in December 2025.

## II. Mootness

**{¶ 3}** Weeks claims the trial court erred by permitting the State to introduce out of court statements made by a witness who did not appear for trial despite being under subpoena. He further argues that his conviction is against the manifest weight of the evidence.

**{¶ 4}** Before addressing Weeks' arguments, we must consider whether his appeal is moot.

**{¶ 5}** "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*,

22 Ohio St.2d 13, 14 (1970); *State v. Smith*, 2019-Ohio-3592, ¶ 8 (2d Dist.). "Issues are moot when they lack practical significance and, instead, present academic or hypothetical questions." *Dibert v. Carpenter*, 2018-Ohio-1054, ¶ 30 (2d Dist.), citing *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 55.

{¶ 6} It is well settled that "'where a criminal defendant, convicted of a misdemeanor, voluntarily satisfies the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction.'" (Emphasis deleted.) *City of Dayton v. Elifritz*, 2004-Ohio-455, ¶ 4 (2d Dist.), quoting *State v. Golston*, 71 Ohio St.3d 224, 226, citing *State v. Wilson*, 41 Ohio St.2d 236, (1975). A defendant can establish that he did not serve a sentence voluntarily if he sought a stay of the sentence pending an appeal. *Smith* at ¶ 10, citing *Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 23.

{¶ 7} "A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served." *In re S.J.K.*, 2007-Ohio-2621, ¶ 10. "[A] purely hypothetical statement about what might occur in the future is not sufficient to give viability to an otherwise moot appeal.'" *State v. Moore*, 2005-Ohio-4518, ¶ 14 (2d Dist.), quoting *State v. Johnson*, 43 Ohio App.3d 1, 3 (1st Dist. 1988); *State v. Washington*, 2018-Ohio-1231, ¶ 10 (2d Dist.).

{¶ 8} The Dayton Municipal Court website shows that Weeks served his sentence and that he was released from jail in December of 2025. Weeks does not assert he will suffer any collateral disability resulting from his conviction, and we cannot discern any resulting collateral disability.

{¶ 9} Based on the foregoing, we must conclude that this appeal is moot.

3

## III. Conclusion

**{¶ 10}** Appeal dismissed.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.